UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD SATISH EMRIT,

      Plaintiff,

      v.                                        C.A. No. 13-181-ML

UNIVERSAL MUSIC GROUP, INC. (UMG),
RECORDING INDUSTRY ASSOCIATION
OF AMERICA (RIAA), FEDERAL
COMMUNICATIONS COMMISSION (FCC),
CLEAR CHANNEL COMMUNICATIONS, AND
ATLANTIC RECORDS,

      Defendants.

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion to file a second amended complaint.

Defendants Universal Music Group, Inc. ("UMG"), Clear Channel Communications ("Clear

Channel"), Atlantic Records ("Atlantic"), and Recording Industry Association of America

("RIAA"), object to the motion.

I.  Background

On March 20, 2013, Plaintiff, acting pro se, filed a complaint against defendants seeking

$10,000,000 in damages "associated w[ith] defamation, 'false light,' invasion of privacy,

misappropriation, malicious prosecution, tortious interference w[ith] business relations/contracts,

negligence, common law fraud, and the negligent infliction of emotional distress . . . ."

Complaint at 21; Docket #1.  Subsequently, Plaintiff filed a motion to amend the complaint.

Plaintiff, however, failed to comply with DRI LR Cv 15 and did not attach a copy of the

proposed amended complaint to the motion to amend.  See DRI LR Cv 15 (a "motion to amend a

1

pleading shall be accompanied by . . . the proposed amended pleading . . .").  The Court ordered

Plaintiff to comply with DRI LR Cv 15 and file the proposed amended complaint.  Plaintiff filed

the proposed amended complaint and the Court granted Plaintiff's motion to amend.  UMG,

Clear Channel, Atlantic, and RIAA then filed motions to dismiss the first amended complaint.

After Plaintiff responded to the motions and they were ripe for decision, Plaintiff moved to

amend his complaint for a second time.

## II.  Analysis

Because Plaintiff has amended his complaint once, Plaintiff may now amend "only with

the opposing party's written consent or the court's leave.  The court should freely give leave

when justice so requires."  Fed. R. Civ. P. 15(a)(2); see also Nikitine v. Wilmington Trust Co.,

715 F.3d 388, 390 (1st Cir. 2013) (noting that Fed. R. Civ. P. 15(a)(2) "does not mean . . . that a

trial court must mindlessly grant every request for leave to amend[]") (internal quotation marks

and citation omitted).  The decision whether to grant a motion for leave to amend is within the

trial court's discretion.  Sheehan v. City of Gloucester, 321 F.3d 21, 26 (1st Cir. 2003).  Because

Plaintiff brings this motion pro se, the Court construes his papers liberally.  Ayala Serrano v.

Lebron Gonzalez, 909 F.2d 8 (1st Cir. 1990).  Pro se litigants, however, are not excused from

compliance with procedural rules or substantive law.  Ahmed v. Rosenblatt, 118 F.3d 886 (1st

Cir. 1997).

Plaintiff has again failed to comply with DRI LR Cv 15; he did not attach the proposed

second amended complaint to the motion to amend.  As noted above, Plaintiff has been informed

of his duty to comply with this District's Local Rules, specifically DRI LR Cv 15.  See generally

Ahmed, 20 F.3d 503 (pro se litigants are not excused from complying with procedural rules);

see also Ruiz Rivera v. Riley, 209 F.3d 24, 28 n.2 (1st Cir. 2000) ("We have consistently held

that a litigant's pro se status [does not] absolve him from compliance with [either] the Federal

Rules of Civil Procedure [or] a district court's procedural rules.") (internal quotation marks and

citation omitted).  In addition, other than informing the Court that Plaintiff needs to "step up his

game" and "elevate his arguments" to attempt a "last ditch effort . . . to save his lawsuit from

dismissal[,]" Motion to File a Second Amended Complaint at 2; Docket #56, Plaintiff has failed

to set forth a basis why "justice so requires" this Court grant him leave to amend his complaint

for a second time.  Fed. R. Civ. P. 15(a)(2).

### III.  Conclusion

       For the reasons stated, Plaintiff's motion is denied.


SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
July 12, 2013