UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD SATISH EMRIT,

        Plaintiff,

    v.                                C.A. No. 13-181-ML

UNIVERSAL MUSIC GROUP, INC. (UMG),
RECORDING INDUSTRY ASSOCIATION
OF AMERICA (RIAA), FEDERAL
COMMUNICATIONS COMMISSION (FCC),
CLEAR CHANNEL COMMUNICATIONS, AND
ATLANTIC RECORDS,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's, Clear Channel Communications, Inc.

("Defendant"), motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons set forth

below, the motion to dismiss is granted.

### I.  Background

Plaintiff, acting pro se, has filed a complaint against defendants seeking $40,000,000 in

damages "associated with defamation, 'false light,' invasion of privacy, misappropriation,

malicious prosecution, tortious interference with business relations/contracts, negligence,

common law fraud, and the negligent infliction of emotional distress . . . ."  First Amended

Complaint at 7; Docket #22.  The allegations in the complaint arise, in part, from alleged

"payola" transactions.  Id. at 2 ¶ 3; 3 ¶ 4.[1]

---

[1] "[U]nlawfully accepting money for the broadcasting of records over [a] radio station . . . without disclosing this fact to the station" is sometimes referred to as "payola."  United States v. Vega, 447 F.2d 698, 699 (2d Cir. 1971); see also 47 U.S.C. § 508(a) ("any employee of a radio station who accepts or agrees to accept from any

## II. Standard of Review

The only issue for the Court to decide in a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiff[], the complaint states a claim for which relief can be granted." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 7 (1st Cir. 2011).  In order to withstand a motion to dismiss, a complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Katz v. Pershing, LLC, 672 F.3d 64, 72-73 (1st Cir. 2012) (internal quotation marks and citation omitted).  The plaintiff is required to "include factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 73 (internal quotation marks and citation omitted).

In evaluating a motion to dismiss, the Court takes "the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and [determines] if they plausibly narrate a claim for relief." Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012).  However, "statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action-elements" must be isolated and ignored. Id.

The Court acknowledges Plaintiff's pro se status and thus reads Plaintiff's complaint liberally. Rodi v. Southern New England School of Law, 389 F.3d 5 (1st Cir. 2004). Pro se litigants, however, are not excused from compliance with procedural rules or substantive law. Ahmed v. Rosenblatt, 118 F.3d 886 (1st Cir. 1997).  While the Court must grant Plaintiff some

---

person . . . or any person . . . who pays or agrees to pay such employee, any money . . . for the broadcast of any matter over such station shall, in advance of such broadcast, disclose the fact of such acceptance or agreement to such station[]").

leeway because of his <u>pro se</u> status, the complaint must set forth some factual basis to support the claims asserted.  <u>Ducally v. Rhode Island Department of Corrections</u>, 160 F. Supp. 2d 220 (D.R.I. 2001).[2]

III.  <u>Analysis</u>

Plaintiff's handwritten amended complaint contains disjointed rambling allegations that are, for the most part, vague and confusing.  Defendant contends that the amended complaint does not contain factual allegations that set forth a plausible claim as to any of the essential elements of Plaintiff's purported claims against Defendant.  Plaintiff objects and submits a five page single-spaced handwritten response.[3]

The complaint contains two allegations directed at Defendant: (1) Plaintiff alleges that he was the publicist for Natasha Jane who "has an investor . . . who may have . . . fallen victim to a 'payola' scheme involving radio stations owned and operated by" Defendant; and (2) Plaintiff contends that Defendant should be held "liable for the tortious interference with business relations/contracts because its practice . . of using playlists and entering into corrupt 'payola' transactions with major record labels creates an extremely difficult situation for independent artists who can not get on terrestrial radio . . . stations owned and operated by" Defendant. Amended Complaint at 5 ¶ 2; 3 ¶ 4.

---

[2]Plaintiff, however, is not the typical <u>pro se</u> advocate.  He advises that he is a law school graduate.

[3]The Court need not consider new factual allegations set forth in Plaintiff's opposition memorandum. "[A]ssertions in an opposition to a motion [to dismiss] are not the equivalent of factual pleadings.  To allow [Plaintiff] to plead facts in such a manner would grant too much leeway to a <u>pro se</u> plaintiff at the expense of orderly procedure and would deprive the defendant[] of clear notice of the allegations . . . ."  <u>Steele v. Turner Broadcasting System, Inc.</u>, 607 F. Supp. 2d 258, 263 (D. Mass. 2009).

3

A. <u>Tortious Interference With Contract</u>

To prevail on an action for tortious interference with contract, a plaintiff must prove: (1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) intentional interference with the contract; and (4) damages. <u>Greensleeves, Inc. v. Smiley</u>, ___ A.3d ____, 2013 WL 3013645 (R.I. 2013). Even viewing the allegations in the complaint in the most liberal light, the complaint is wholly conclusory and bereft of any "factual matter, accepted as true," that would be sufficient to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citation omitted). Read liberally, Plaintiff alleges that Defendant has created a "difficult situation for independent artists" and that his former client's investor "may have fallen victim to a payola scheme. . . ." First Amended Complaint at 2 ¶ 3; 3 ¶ 4. Notwithstanding the vague reference to independent artists and the speculative assertion that Plaintiff's former client's investor *may* have fallen victim to a payola scheme, the complaint is absent any allegation concerning the existence of a contract or Defendant's knowledge of the contract. Furthermore, Plaintiff fails to allege that Defendant intentionally and improperly interfered with the contract. <u>See</u> generally <u>Greensleeves.</u> ____ A.3d at ____, 2013 WL 3013645, at *7. Finally, Plaintiff has not set forth any factual allegation that he suffered damages as a result of Defendant's intentional interference. The Court finds that Plaintiff has failed to "state a claim to relief that is plausible on its face." <u>Iqbal</u>, 129 S. Ct. at 1949.

B. <u>Tortious Interference With Business Relations</u>

To prevail on a claim of tortious interference with business relations a plaintiff must show: (1) the existence of a business relationship or expectancy; (2) knowledge by the interferor

of the relationship or expectancy; (3) an intentional and improper act of interference; (4) proof

that the interference caused the harm; and (5) damages.  Beauregard v. Gouin, 66 A.3d 489 (R.I.

2013); see also Ira Green, Inc. v. Military Sales & Service Co., C.A. No. 10-207-M, 2012 WL

2178984 (D.R.I. June 13, 2012).  Plaintiff has failed to allege sufficient facts to establish that

Defendant had knowledge of any of his business relations or that Defendant intentionally acted to

interfere with a business relationship.  Moreover, Plaintiff does not allege that any interference

by Defendant caused the harm he sustained.  This claim too fails.[4]

IV.  Conclusion

Plaintiff has failed to set forth a factual basis upon which a plausible claim for relief

exists against Defendant.  Defendant's motion to dismiss is granted.


SO ORDERED

Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
July 12, 2013

---

[4]In the "Relief Requested" portion of Plaintiff's amended complaint, in addition to the claims listed above, Plaintiff lists additional claims "committed by all five of the . . . defendants."  First Amended Complaint at 6-7. Plaintiff lists these additional claims without identifying which of these claims apply to which of the defendants. Such wholly unsupported "labels or conclusions" will not withstand a motion to dismiss.  Iqbal, 129 S.Ct. at 1949 (citation omitted).