UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD SATISH EMRIT,

        Plaintiff,

v.                                               C.A. No. 13-181-ML

UNIVERSAL MUSIC GROUP, INC. (UMG),
RECORDING INDUSTRY ASSOCIATION
OF AMERICA (RIAA), FEDERAL
COMMUNICATIONS COMMISSION (FCC),
CLEAR CHANNEL COMMUNICATIONS, AND
ATLANTIC RECORDS,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's, Universal Music Group, Inc. ("Defendant"), motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion to dismiss is granted.

### I. Background

Plaintiff, acting pro se, has filed a complaint against defendants seeking $40,000,000 in damages "associated with defamation, 'false light,' invasion of privacy, misappropriation, malicious prosecution, tortious interference with business relations/contracts, negligence, common law fraud, and the negligent infliction of emotional distress . . . ." First Amended Complaint at 7; Docket #22. The allegations in the complaint arise, in part, from alleged

"payola" transactions.  Id. at 2 ¶ 3; 3 ¶ 4.[1]

## II.  Standard of Review

The only issue for the Court to decide in a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiff[], the complaint states a claim for which relief can be granted."  Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 7 (1st Cir. 2011).  In order to withstand a motion to dismiss, a complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  Katz v. Pershing, LLC, 672 F.3d 64, 72-73 (1st Cir. 2012) (internal quotation marks and citation omitted).  The plaintiff is required to "include factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 73 (internal quotation marks and citation omitted).

In evaluating a motion to dismiss, the Court takes "the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and [determines] if they plausibly narrate a claim for relief."  Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012).  However, "statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action-elements" must be isolated and ignored.  Id.

The Court acknowledges Plaintiff's pro se status and thus reads Plaintiff's complaint liberally.  Rodi v. Southern New England School of Law, 389 F.3d 5 (1st Cir. 2004).  Pro se

---

[1] "[U]nlawfully accepting money for the broadcasting of records over [a] radio station . . . without disclosing this fact to the station" is sometimes referred to as "payola."  United States v. Vega, 447 F.2d 698, 699 (2d Cir. 1971); see also 47 U.S.C. § 508(a) ("any employee of a radio station who accepts or agrees to accept from any person . . . or any person . . . who pays or agrees to pay such employee, any money . . . for the broadcast of any matter over such station shall, in advance of such broadcast, disclose the fact of such acceptance or agreement to such station[]").

litigants, however, are not excused from compliance with procedural rules or substantive law. Ahmed v. Rosenblatt, 118 F.3d 886 (1st Cir. 1997). While the Court must grant Plaintiff some leeway because of his pro se status, the complaint must set forth some factual basis to support the claims asserted. Ducally v. Rhode Island Department of Corrections, 160 F. Supp. 2d 220 (D.R.I. 2001).[2]

### III. Analysis

Plaintiff's handwritten amended complaint contains disjointed rambling allegations that are, for the most part, vague and confusing. Defendant contends that the complaint is incomprehensible and fails to state a claim for which relief may be granted. Plaintiff objects and submits a 14 page single-spaced handwritten response.[3]

Plaintiff contends that an individual named "Glory is an "artist" associated with Defendant and Glory's manager approached Plaintiff about the possibility of being Glory's manager. First Amended Complaint at 5 ¶ 1. Plaintiff alleges that Defendant "committed the act of defamation . . . against the Plaintiff by accusing Plaintiff of 'aggravated harassment'" apparently in connection with Glory and Glory's manager. Id. at 2 ¶ 1. Plaintiff also contends that "in addition to holding [Defendant] liable for defamation, Plaintiff wants to hold [Defendant] liable for malicious prosecution and the tortious interference w[ith] business relations/contracts." Id. at 6 ¶ 5.

---

[2]Plaintiff, however, is not the typical pro se advocate. He advises that he is a law school graduate.

[3]The Court need not consider new factual allegations set forth in Plaintiff's opposition memorandum. "[A]ssertions in an opposition to a motion [to dismiss] are not the equivalent of factual pleadings. To allow [Plaintiff] to plead facts in such a manner would grant too much leeway to a pro se plaintiff at the expense of orderly procedure and would deprive the defendant[] of clear notice of the allegations . . . ." Steele v. Turner Broadcasting System, Inc., 607 F. Supp. 2d 258, 263 (D. Mass. 2009).

A. Defamation

To prevail on a claim of defamation, a plaintiff must prove: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) damages, unless the statement is actionable irrespective of the harm.  Burke v. Gregg, 55 A.3d 212 (R.I. 2012).  Even giving Plaintiff's complaint the generous construction afforded pro se litigants, the *one* sentence relating to Plaintiff's defamation claim is wholly conclusory and devoid of sufficient factual allegations.  As such, Plaintiff's claim cannot survive Defendant's motion to dismiss.  See generally Katz, 672 F.3d at 72-73 (a complaint must contain sufficient factual matter to state a claim that is plausible on its face); Rule v. Fort Dodge Animal Health, Inc., 607 F.3d 250, 252 (1st Cir. 2010) (noting that "judges have some room to dispatch . . . claims that are . . . pled only in conclusory terms").

B.  Tortious Interference with Contract/Business Relations

To prevail on an action for tortious interference with contract, a plaintiff must prove: (1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) intentional and improper interference with the contract; and (4) damages.  Greensleeves, Inc. v. Smiley, ___ A.3d ____, 2013 WL 3013645 (R.I. 2013).  To prevail on a claim of tortious interference with business relations, a plaintiff must show: (1) the existence of a business relationship or expectancy; (2) knowledge by the interferor of the relationship or expectancy; (3) an intentional and improper act of interference; (4) proof that the interference caused the harm; and (5) damages.  Beauregard v. Gouin, 66 A.3d 489 (R.I. 2013); see also Ira Green, Inc. v. Military

4

Sales and Service Co., C.A. No. 10-207-M, 2012 WL 2178984 (D.R.I. June 13, 2012).

Once again, Plaintiff proffers a *single* sentence in the complaint to support his claims. Plaintiff "wants to hold [Defendant] liable for . . . the tortious interference w[ith] business relations/contracts." First Amended Complaint at 6 ¶ 5. Plaintiff fails to support these claims with *any* factual substance or foundation. Such wholly unsupported "labels or conclusions" will not withstand a motion to dismiss. Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). Plaintiff has failed to "state a claim to relief that is plausible on its face." Id.

### C.  Malicious Prosecution

The Court need not indulge in an in depth analysis of Plaintiff's malicious prosecution claim. Not only does Plaintiff fail to allege *any* facts to support the wholly conclusory claim, in his opposition memorandum, Plaintiff concedes that the allegations in the complaint fail to establish a plausible basis for the claim.[4]  The Court agrees.[5]

### IV.  Conclusion

Plaintiff has failed to set forth a factual basis upon which a plausible claim for relief as to

---

[4] Plaintiff concedes "that he can not at this time establish a prima facie case for malicious prosecution . . . ." Plaintiff's Opposition to Defendant's Motion to Dismiss at 5; Docket #31.

[5] In the "Relief Requested" portion of Plaintiff's amended complaint, in addition to the claims listed above, Plaintiff lists additional claims "committed by all five of the . . . defendants." First Amended Complaint at 6-7. Plaintiff lists these additional claims without identifying which of these claims apply to which of the defendants. Such wholly unsupported "labels or conclusions" will not withstand a motion to dismiss. Iqbal, 129 S. Ct. at 1949 (citation omitted).

any of the asserted causes of action exists against Defendant.  Defendant's motion to dismiss is granted.

SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
July 12, 2013