UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD SATISH EMRIT,

      Plaintiff,

v.                                                                           C.A. No. 13-181-ML

UNIVERSAL MUSIC GROUP, INC.. (UMG),
RECORDING INDUSTRY ASSOCIATION
OF AMERICA (RIAA), FEDERAL
COMMUNICATIONS COMMISSION (FCC),
CLEAR CHANNEL COMMUNICATIONS, AND
ATLANTIC RECORDS,

      Defendants.

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants', Atlantic Records ("Atlantic") and Recording Industry Association of America ("RIAA"), combined motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion to dismiss is granted.

I. Background

Plaintiff, acting pro se, has filed a complaint against defendants seeking $40,000,000 in damages "associated with defamation, 'false light,' invasion of privacy, misappropriation, malicious prosecution, tortious interference with business relations/contracts, negligence, common law fraud, and the negligent infliction of emotional distress. . . ." First Amended Complaint at 7; Docket #22. The allegations in the complaint arise, in part, from alleged "payola" transactions. Id. at 2 ¶ 3; 3 ¶ 4.[1]

---

[1] "[U]nlawfully accepting money for the broadcasting of records over [a] radio station . . . without disclosing this fact to the station" is sometimes referred to as "payola." United States v. Vega, 447 F.2d 698, 699 (2d Cir. 1971); see also 47 U.S.C. § 508(a) ("any employee of a radio station who accepts or agrees to accept from any

II.  Standard of Review

The only issue for the Court to decide in a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiff[], the complaint states a claim for which relief can be granted."  Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 7 (1st Cir. 2011).  In order to withstand a motion to dismiss, a complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  Katz v. Pershing, LLC, 672 F.3d 64, 72-73 (1st Cir. 2012) (internal quotation marks and citation omitted).  The plaintiff is required to "include factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 73 (internal quotation marks and citation omitted).

In evaluating a motion to dismiss, the Court takes "the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and [determines] if they plausibly narrate a claim for relief."  Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012).  However, "statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action-elements" must be isolated and ignored.  Id.

The Court acknowledges Plaintiff's pro se status and thus reads Plaintiff's complaint liberally.  Rodi v. Southern New England School of Law, 389 F.3d 5 (1st Cir. 2004).  Pro se litigants, however, are not excused from compliance with procedural rules or substantive law.  Ahmed v. Rosenblatt, 118 F.3d 886 (1st Cir. 1997).  While the Court must grant Plaintiff some

---

person . . . or any person . . . who pays or agrees to pay such employee, any money . . . for the broadcast of any matter over such station shall, in advance of such broadcast, disclose the fact of such acceptance or agreement to such station[]").

leeway because of his pro se status, the complaint must set forth some factual basis to support the claims asserted. Ducally v. Rhode Island Department of Corrections, 160 F. Supp. 2d 220 (D.R.I. 2001).[2]

### III.  Analysis

Plaintiff's handwritten amended complaint contains disjointed rambling allegations that are, for the most part, vague and confusing. Atlantic and RIAA contend that the amended complaint is incomprehensible and fails to state a claim for which relief may be granted. Plaintiff objects and submits a 14 page single-spaced handwritten response.[3]

#### A.  Atlantic's Motion

In his complaint, Plaintiff alleges that

> Atlantic . . . should be held liable for negligence and the negligent infliction of emotional distress for its breach of duty of care when it had actual, inquiry and constructive notice that Richard Shaw[4] and Anthony Wayne Sterago were fraudulently representing Atlantic . . . and therefore Atlantic . . . should be held liable for the negligent infliction of emotion distress experienced by Plaintiff when he experienced what he believes to be post-traumatic stress syndrome after Detective Hartsell (of the Anne Arundel Criminal Investigative Division . . .) harassed Plaintiff into trying to get Plaintiff to take a polygraph test after Richard Shaw had been found murdered in his office . . . .

First Amended Complaint at 3, ¶ 5 (emphasis added). Plaintiff also alleges that Detective Hartsell

---

[2]Plaintiff, however, is not the typical pro se advocate. He advises that he is a law school graduate.

[3]The Court need not consider new factual allegations set forth in Plaintiff's opposition memorandum. "[A]ssertions in an opposition to a motion [to dismiss] are not the equivalent of factual pleadings. To allow [Plaintiff] to plead facts in such a manner would grant too much leeway to a pro se plaintiff at the expense of orderly procedure and would deprive the defendant[] of clear notice of the allegations . . . ." Steele v. Turner Broadcasting System Inc., 607 F. Supp. 2d 258, 263 (D. Mass. 2009).

[4]Richard Shaw is identified by Plaintiff as Plaintiff's manager.

> wanted to give Plaintiff a polygraph test which caused Plaintiff to suffer from what he believes to be post-traumatic stress syndrome. Plaintiff wants to hold . . . [Atlantic] liable for his attorney's fees, medical bills related to this incident, and Plaintiff also wants to hold Atlantic . . . liable for negligence and the negligent infliction of emotional distress since Atlantic . . . has actual, inquiry, and constructive notice that Richard Shaw and Anthony Wayne Sterago were fraudulently representing its company.

Id. at 5-6 ¶ 3.

### I. Negligence

To prevail on a claim of negligence, a plaintiff must prove: (1) a legally cognizable duty owed by a defendant to a plaintiff; (2) breach of that duty; (3) proximate causation between the conduct and the resulting injury; and (4) damages. Cruz v. DaimlerChrysler Motors Corp., 66 A.3d 446 (R.I. 2013). Even giving Plaintiff's complaint the generous construction afforded pro se litigants, the complaint is wholly conclusory and devoid of factual allegations in support of *any* element of the negligence claim. For example, among other things, Plaintiff fails to allege that Atlantic owed Plaintiff any legally cognizable duty. In addition, Plaintiff leaves Atlantic and the Court to wonder how Atlantic is connected to a police detective and his request that Plaintiff undergo a polygraph test. See generally Katz, 672 F.3d at 72-73 (a complaint must contain sufficient factual matter to state a claim that is plausible on its face); Rule v. Fort Dodge Animal Health, Inc., 607 F.3d 250, 252 (1st Cir. 2010) (noting that "judges have some room to dispatch . . . claims that are . . . pled only in conclusory terms").

### 2. Negligent Infliction of Emotional Distress

"Only two groups of plaintiffs are able . . . to seek recovery under a theory of negligent infliction of emotional distress: those within the zone-of-danger who are physically endangered by the acts of a negligent defendant, and bystanders related to a victim whom they witness being

4

injured." Perrotti v. Gonicberg, 877 A.2d 631, 636 (R.I. 2005) (internal quotation marks and citation omitted). Plaintiff fails to allege *any* facts to support the premise that he is in either group. In addition, Plaintiff is required "to allege . . . that medically established physical symptomatology accompan[ied] the distress." Francis v. American Bankers Life Assurance Co. of Florida, 861 A.2d 1040, 1046 (R.I. 2004); see also Corvello v. New England Gas Co., Inc., 460 F. Supp. 2d 314, 326 (D.R.I. 2006) (plaintiff must establish "physical symptoms manifesting the distress which must be linked to the defendant's conduct by medical evidence"). Plaintiff alleges that he "believes" that he experienced "post-traumatic stress disorder." First Amended Complaint at 5 ¶ 3. Plaintiff's allegation is speculative and conclusory at best.

Even viewing the allegations against Atlantic in the most liberal light, the complaint is wholly conclusory and bereft of any "factual matter, accepted as true," that would be sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009).

## B. RIAA's Motion

Plaintiff does not allege that RIAA is liable for any of its own conduct. Plaintiff contends that RIAA "should be held liable for the defamatory acts of [Universal Music Group, Inc.] because [RIAA] is the fiduciary representing [Universal Music Group, Inc.]." First Amended Complaint at 2 ¶ 2. In addition, Plaintiff avers that RIAA is also the fiduciary of Atlantic and "wants to hold [RIAA] liable for the actions (or inactions) of" Universal Music Group, Inc. and Atlantic. Id. at 6 ¶ 4.

The complaint does not allege facts to support a theory of a fiduciary relationship between the parties. In fact, the complaint is silent concerning the basis of the purported

relationship between the parties. Plaintiff's allegation that RIAA is a fiduciary of both Universal Music Group, Inc. and Atlantic is wholly conclusory.[5]

IV. Conclusion

Plaintiff has failed to set forth a factual basis upon which a plausible claim for relief exists against either Atlantic or RIAA.[6] The motion to dismiss is granted.


SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
July 12, 2013

---

[5]Furthermore, as noted above, the Court has dismissed the claims against Atlantic, and in another decision, the Court has dismissed the claims against Universal Medical Group, Inc. See Emrit v. Universal Music Group, Inc., C.A. No. 13-181-ML (D.R.I. July 12, 2013); Docket #68. Thus, even if Plaintiff could establish a fiduciary relationship, Plaintiff cannot state a claim against RIAA through Atlantic or Universal Medical Group, Inc.

[6]In the "Relief Requested" portion of Plaintiff's amended complaint, in addition to the claims listed above, Plaintiff lists additional claims "committed by all five of the . . . defendants." First Amended Complaint at 6-7. Plaintiff lists these additional claims without identifying which of these claims apply to which of the defendants. Such wholly unsupported "labels or conclusions" will not withstand a motion to dismiss. Iqbal, 129 S. Ct. at 1949 (citation omitted).