UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD SATISH EMRIT,

      Plaintiff,

   v.                                C.A. No. 13-181-ML

UNIVERSAL MUSIC GROUP, INC. (UMG),
RECORDING INDUSTRY ASSOCIATION
OF AMERICA (RIAA), FEDERAL
COMMUNICATIONS COMMISSION (FCC),
CLEAR CHANNEL COMMUNICATIONS, AND
ATLANTIC RECORDS,

      Defendants.

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for default judgment against Defendant, Federal Communications Commission ("Defendant").  For the reasons stated herein, Plaintiff's motion is denied.[1]

### Analysis

Plaintiff's motion is premature for two reasons.  First, the docket reflects that Defendant has not yet been served with the first amended complaint.  Second, even if Defendant had been properly served, Plaintiff has moved for default judgment without first moving for entry of default.  Upshaw v. Andrade, Civil Action No. 10-11517-JLT, 2011 WL 3652822 (D. Mass. August 10, 2011) ("[e]ntry of default is a prerequisite to obtaining a default judgment") (internal quotation marks and citation omitted), report and recommendation adopted, 2011 WL 3654408

---

[1]The reader is directed to Docket #'s 66-69 for the background information on this matter.  Because Plaintiff brings this matter pro se, the Court construes his papers liberally.  Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8 (1st Cir. 1990).

1

(D. Mass. Aug. 17, 2011).

Moreover, 28 U.S.C. § 1915(e)(2)(B)(ii) authorizes a district court, <u>sua sponte</u>, to dismiss a <u>pro se in forma pauperis</u> complaint if the court determines that it fails to state a claim on which relief may be granted.  <u>Feeney v. Correctional Medical Services, Inc.</u>, 464 F.3d 158, 161 n.3 (1st Cir. 2006).  The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) is identical to the legal standard pursuant to Fed. R. Civ. P. 12(b)(6).  <u>Hodge v. Murray</u>, 808 F. Supp. 2d 405, 408 (D.R.I. 2011).

The amended complaint contains two allegations directed at Defendant.  Plaintiff alleges that Defendant should monitor "payola schemes" and "should be held liable for negligence for breaching its duty of care by not assessing penalties for 'payola' violations . . . because Natasha Jane's investor . . . <u>may</u> have fallen victim to a payola scheme . . . ."  First Amended Complaint at 2 ¶ 3; 5 ¶ 2 (emphasis added); Docket #22.  Plaintiff's negligence claim is wholly speculative and conclusory.  <u>See</u> <u>Katz v. Pershing, LLC</u>, 672 F.3d 64, 72-73 (1st Cir. 2012) (a complaint must contain sufficient factual matter to state a claim that is plausible on its face); <u>Rule v. Fort Dodge Animal Health, Inc.</u>, 607 F.3d 250, 252 (1st Cir. 2010) (noting that "judges have some room to dispatch . . . claims that are . . . pled only in conclusory terms"); <u>Gorelik v. Costin</u>, 605 F.3d 118, 121 (1st Cir. 2010) ("to survive a motion to dismiss, a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level[]") (internal quotation marks and citation omitted).

Because the allegations in the complaint fail to state a claim to relief that is plausible on its face, the complaint is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  <u>See</u>

2

generally 28 U.S.C. § 1915(e)(2)(B)(ii); Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009).[2]


SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
July 15, 2013

---

[2]In the "Relief Requested" portion of Plaintiff's amended complaint, in addition to the claim listed above, Plaintiff lists additional claims "committed by all five of the . . . defendants."  First Amended Complaint at 6-7. Plaintiff lists these additional claims without identifying which claims apply to which of the defendants. Such wholly unsupported "labels or conclusions" can not withstand a motion to dismiss.   Iqbal, 129 S. Ct. at 1949 (citation omitted).